**In re Beverly Ann DAVIS, Debtor.**

**Beverly Ann DAVIS, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Butler County Tax Claim Bureau, Pennsylvania Department of Revenue and Signal Consumer Discount Company, Defendants.**

**Bankruptcy No. 80–1771.
Adv. No. 81–0410.**

United States Bankruptcy Court,
W. D. Pennsylvania.

Nov. 27, 1981.

Jane Larrick Hepting, Chicora, Pa., for debtor.

J. Alan Johnson, U. S. Atty., Judith K. Giltenboth, Asst. U. S. Atty., Pittsburgh, Pa., Judith A. Levinthal, Tax Div., Dept. of Justice, Washington, D. C., for the IRS.

**524**

MEMORANDUM OPINION AND ORDER

JOSEPH L. COSETTI, Bankruptcy Judge.

Beverly Ann Davis, Bankruptcy No. 80–1771, Adversary No. 81–0410, brought a Complaint to Avoid Liens Against Real Estate Proceeds under Section 522(f). The Debtor is disabled by multiple sclerosis and receives minimal spousal support from her divorced husband and is attempting to exempt $7,500 of her share in the proceeds of the sale of her former home.

As to all the parties, except the Internal Revenue Service and the Butler County Tax Claim Bureau (with some limitations), the liens were avoided under Section 522(f).

■ As to the claim of the Internal Revenue Service (I. R. S.), the I. R. S. first raises a Motion to Dismiss on grounds of Insufficiency of Service under Bankruptcy Rule 704(c)(5). The Motion to Dismiss for Insufficiency of Service is denied. The service matter has been corrected and the I. R. S. has now been properly served. The I. R. S. secondly moves to dismiss because Plaintiff has failed to state a claim upon which relief can be granted, as the federal tax lien is a statutory lien and does not come within the provisions of Section 522(f), 11 U.S.C.

The Court agrees with the I. R. S. that an action to avoid the I. R. S. lien under Section 522(f) cannot be granted. However, by oral motion on September 10, 1981, Plaintiff requested that she be allowed to amend the Complaint to raise a claim under Section 545(1)(D). The request of the Plaintiff was granted. The parties have stipulated to the facts and submit this argument on Briefs.

HISTORY

On October 12, 1979 the I. R. S. filed with the Prothonotary's Office in Butler County, Pennsylvania a Federal Tax Lien against Ervin J. Davis and Beverly A. Davis in the amount of $5,735.00. This lien, which included interest and penalties, concerned 1976 and 1977 income taxes. The date of assessment for both items was September 10, 1979.

Beverly A. Davis filed her Petition in Bankruptcy on October 29, 1980. Beverly A. Davis and Ervin J. Davis, Jr. were divorced prior to the filing of the Bankruptcy Petition, and the family home was sold creating a fund for Beverly Davis on which the I. R. S. claims a lien. The Proof of Claim filed by the I. R. S. seeks the following sums:

| | |
|---|---|
| 1976 Income Taxes | $2,221.00 |
| Lien fee | 8.00 |
| Interest on 1976 income taxes through December 9, 1980 | 667.63 |
| Penalty on 1976 income taxes | 286.57 |
| 1977 Income Taxes | $2,617.00 |
| Interest on 1977 income taxes through December 9, 1980 | 543.04 |
| Penalty on 1977 income taxes | 196.27 |
| Total Proof of Claim | $6,539.51 |

DISCUSSION

I. *Avoidance of the I. R. S. Lien*

A. *Section 545*

Section 545(1)(D) provides: The Trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that said lien—

(1) first becomes effective against the debtor—

(D) when the debtor becomes insolvent;

The Debtor argues that she was insolvent at the time the I. R. S. filed its lien and therefore the lien of the I. R. S. should be avoided. The I. R. S. argues that the Debtor has misinterpreted the statute and that Section 545(1)(D) is designed to avoid those liens that are made effective by the insolvency of the Debtor, not those that attach when the Debtor is insolvent.

The Debtor presents an argument based on statutory interpretation that the word "when" in Section 545(1)(D) must mean "at a time when". Thus a lien that attaches at a time when a Debtor becomes insolvent must be void.

The I. R. S. argues that "when" means "due to". The I. R. S. argues that its lien arose pursuant to Section 6321 of the Internal Revenue Code of 1954, 26 U.S.C. § 6321, which states:

[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Thus the statute in question did not become effective due to the insolvency of the Debtor but because of the failure of the Debtor to pay her taxes for 1976 and 1977.

■ Section 545 of the Bankruptcy Code was derived from Sections 67(b) and 67(c) of the former Bankruptcy Act. The history of that prior provision shows that the act was intended to prevent state laws which prioritized liens on the happening of insolvency from undercutting federal bankruptcy laws. We quote from a House Report concerning the meaning of this Section of the Bankruptcy Act:

The demands of social, economic, and political policy have resulted in deviations from a strict rule of equality among creditors. Through the creation of priorities and the recognition of security interests, favored treatment has been accorded to certain classes of creditors. Thus, the Bankruptcy Act has traditionally recognized that a lien is a valid property right which must be satisfied out of the assets to which it attaches before any part of those assets becomes available for distribution to unsecured creditors. Among unsecured creditors, the act established an order of payment which favors the costs of administering the estate, wages, taxes, and rent over general creditors. As a result of these prior payments to lien holders and priority claimants, the amount available for distribution to general creditors is considerably diminished and often entirely consumed. To increase their share of the estate, various classes of general creditors at first sought priority status under State law. However, in 1938, in the interest of national uniformity in distributions, the Chandler Act eliminated the recognition of State priorities in bankruptcy proceedings, except for a limited priority for landlords, which was placed on the lowest of the five rungs of the priority ladder erected by section 64. The act also gave explicit recognition for the first time to the general validity of statutory liens. Thus, if a class of creditors could obtain State legislation transforming their debts into liens, they would then be in a position superior not only to all other general creditors but to priority claimants as well. This would be the result not only in the case of liens creating a noncontingent property interest in a specific asset but also in the case of liens which became effective only in the event of insolvency or which did not attach to any particular asset. These spurious liens were in reality disguised priorities and the effect of their recognition in bankruptcy would be to distort the federally ordered scheme of distribution by depressing the position of priority claimants.

The report goes on to explicitly discuss statutory liens which first become effective on the insolvency of the Debtor:

The first of these provisions strikes at liens which merely determine the order of distribution upon insolvency or liquidation. This kind of lien is not a specific property right which may be asserted independently of a general distribution and regardless of the transfer of the property. This is clearly a disguised priority. House Report No. 686, 89th Cong., 1st Sess. (1965); *1 Collier Pamphlet Edition, Bankruptcy Act*, Sec. 67 at 206–209 (1976).

■ It is clear from this legislative history that the I. R. S. lien could not be avoided under Section 545(1)(D). Section 545 was intended to address the situation that had arisen where state legislatures had attempted to circumvent creditor's priorities as set by the Bankruptcy Act. Thus the Debtor cannot use Section 545 to void the I. R. S. lien.

B.  *Section 522*

■ The Debtor also raises Section 522 as a reason for voiding the I. R. S. lien. The argument is that since the Debtor has exempted the property the I. R. S. has liened,

the Court should protect that property. This Court has already dealt with Section 522 at oral argument and states again that that section cannot be used to void the I. R. S. lien.

## II. *The I. R. S. Penalty*

The Court agrees with the position of the Debtor that the I. R. S. lien insofar as it is a penalty is voidable pursuant to Sections 724 and 726(a)(4) of the Bankruptcy Code. Further the remaining unsecured claim of the I. R. S. is discharged in Bankruptcy pursuant to Section 523(a)(7) of the Bankruptcy Code. The amount discharged is $450.12. The remaining nondischargeable penalty of the I. R. S. is $32.72.

An appropriate Order will issue.