**In re Steven M. BOOTH and Betty Jane Booth and Booth's Body Shop, Debtors.**

**Steven M. BOOTH and Betty Jane Booth and Booth's Body Shop, Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 81–00722 T.**

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 25, 1982.

Sam Ferguson Musser, Lancaster, Pa., for plaintiff.

Charles F. T. Carroll, Philadelphia, Pa., for defendant.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtors in this case filed an application to avoid the lien of the United States Internal Revenue Service under 11 U.S.C. § 522(f)(1). For reasons hereinafter given, we conclude that this lien is not avoidable.[1]

Steven M. and Betty J. Booth (hereinafter, the "debtors") filed a petition under Chapter 7 of the Bankruptcy Code on February 24, 1981. As of the date of filing, the debtors were owners of a tract of real estate with improvements situated in Strasburg township, Lancaster County. The United States Internal Revenue Service (hereinafter, the I.R.S.) had previously filed a lien in the amount of $4354.34 against Steven M. Booth and Booth's Body Shop with the Prothonotary of Lancaster County. The debtors filed an application to avoid this tax lien on August 4, 1981.

Two types of liens are avoidable under 11 U.S.C. § 522(f). The first is a judicial lien which would arise upon the docketing of a judgment. I.R.S. liens are authorized by statute and require no judicial action to become effective. The second category of lien avoidable under § 522(f) is a nonpossessory, non-purchase money security interest in certain household and personal goods. The basis for a security interest is an agreement between the parties. In the case at bar, the I.R.S. lien did not arise out of such an agreement.

For the above reasons we conclude that the I.R.S. lien is not avoidable under 11 U.S.C. § 522(f).

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752   of the Rules of Bankruptcy Procedure.