In re Pearl Oma ZERGER, FKA Pearl Oma Engle; Pearl Oma McBroom; Pearl Oma Black, FDBA Casa De Va-wuero, Inc.; Ruttabega Boulevard, Inc.; E & Z Reforestation; E & M Construction, Debtor.

Pearl ZERGER, Plaintiff.

v.

Robert WILMETH; State of Oregon, ex rel Mary Wendy Roberts; Commissioner of Oregon Bureau of Labor and Industries, State of Oregon; Don Q. Christner, et al; United States National Bank of Oregon; Kency Credit Service, Inc., Defendants.

Bankruptcy No. 682–07240.
Adv. No. 683–6084.

United States Bankruptcy Court,
D. Oregon.

Oct. 26, 1983.

Eric Haws, Eugene, Or., for plaintiff.

Mark Hendershott, Eugene, Or., for R. Wilmeth.

Victor Levy, Portland, Or., for State of Or.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtor Pearl Zerger commenced this action seeking to avoid liens of defendants as judicial liens on her exempt homestead property pursuant to 11 U.S.C. § 522(f)(1). Defendants Robert Wilmeth, State of Oregon, and United States Internal Revenue Service (I.R.S.) answered and defendant Wilmeth and defendant I.R.S. have moved for summary judgment. Those motions are now before the Court.

The liens involved include defendant Wilmeth's construction lien filed pursuant to Chapter 87 of the Oregon Revised Statutes for work done on the property, tax liens in favor of the I.R.S. and Douglas County, Oregon, and judgment liens docketed in Douglas County Circuit Court in favor of the remaining defendants.

The defendants Don Q. Christner, United States National Bank of Oregon, Kency Credit Service, Inc., Federated Credit Service, Inc., and County of Douglas have not filed a response to the complaint. Defendant State of Oregon, ex rel Mary Wendy Roberts, Commissioner of the Oregon Bureau of Labor and Industries, filed an answer containing an allegation that on the date of the filing of the debtor's Chapter 7 petition in this case the fair market value of the debtor-plaintiff's property at 1532 Sable Drive, Winston, Oregon, was greater than the combined value of the liens which are prior to this defendant's liens and the debtor-plaintiff's homestead exemption of $15,-000.00. As to this defendant, the parties must proceed to lodge a proposed pre-trial order.

■ Defendant Wilmeth's motion for summary judgment is supported by a copy of his valid filed lien for excavation work done on the homestead property. Wilmeth contends that a construction lien arising under ORS Chapter 87 is not a judicial lien subject to avoidance under 11 U.S.C. § 522(f)(1). Citing *Matter of Reardon,* 10 B.R. 697 (Bkrtcy.Conn.1981). Debtor-Zerger responded that, as an unperfected lien, Wilmeth's lien is subject to avoidance by the debtor under sections 545(2) and 522(g) and (h) of the Bankruptcy Code. This new attack by the plaintiff-debtor is based on ORS 87.055 which requires commencement of a foreclosure action for perfection of the lien. Defendant Wilmeth obtained relief from the automatic stay of 11 U.S.C. § 362 to pursue foreclosure of the lien in the state court on the trustee and was served with notice of the proceedings and the debtor was a party to the relief from stay action. No evidence is before the Court to show that a foreclosure action was ever actually pursued in state court by defendant Wilmeth. However, service on the trustee and debtor in the action for relief from stay constitutes sufficient notice to perfect Wilmeth's lien as against the trustee and debtor under 11 U.S.C. § 546(b) which provides:

"(b) The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

Consequently, defendant Wilmeth's lien is not avoidable under section 545(2). Further, the Court finds that defendant Wilmeth's lien is essentially statutory and not avoidable as a judicial lien under section 522(f)(1).

Defendant Wilmeth's motion for summary judgment is granted and the Court finds there is no reason to delay and separate judgment consistent herewith will be entered.

■ The motion for summary judgment by defendant I.R.S. is based upon I.R.S.'s contention that valid federal tax liens do not come within the provisions of section 522(f). This contention is supported by cases holding that an I.R.S. lien is a statutory lien not subject to avoidance under section 522(f)(1) as a judicial lien. See *In re Davis,* 22 B.R. 523 (Bkrtcy.W.D.Pa.1981). Some courts have butressed the finding that section 522(f)(1) is inapplicable to valid tax liens by pointing out the futility of such avoidance in the presence of section 522(c)(2)(C) which excepts tax claims from the insulation of exempt property from prepetition claims. *In re Sechrist,* 9 B.R. 862 (Bkrtcy.W.D.N.Y.1981). Further, 26 U.S.C. § 6321 which provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

and 26 U.S.C. § 6334(c) which provides:

"(c) No other property exempt.—Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."

preclude exemption of homestead property from levy for the collection of any federal tax as a homestead is not exempt property under 26 U.S.C. § 6334(a). This is clarified by § 301.6334–1(c) of the Treasury Regulations promulgated by the Commissioner of Internal Revenue under the Code which states, in pertinent part, that "No provision of a State law may exempt property or

rights to property from levy for the collection of any Federal Tax. Thus, property exempt from execution under State personal or homestead exemption laws is, nevertheless, subject to levy by the United States for collection of its taxes." 26 C.F.R. § 301.6334–1(c) (1983). Exemptions prescribed by state laws are "ineffective" against federal tax liens. *United States v. Heffron,* 158 F.2d 657, 659 (9th Cir.1947).

This Court finds that valid federal tax liens do not come within the provisions of 11 U.S.C. § 522(f)(1) and do not constitute judicial liens avoidable by that section. Accordingly, defendant I.R.S. is granted its motion for summary judgment against the plaintiff. The Court finds there is no reason to delay and separate judgments will be entered. See, Fed.Rule Civ.Pro. 54(b) made applicable by Bankruptcy Rule 7054.

This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 7052 they will not be separately stated.