In re Ray Junior MILLS and wife, Dorothy Mills a/k/a Mills Construction Company, Debtors.

Ray Junior MILLS and wife, Dorothy Mills, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 3–83–01328.

Adv. No. 3–83–0850.

United States Bankruptcy Court, E.D. Tennessee.

Feb. 24, 1984.

Rufus W. Beamer, Jr., Knoxville, Tenn., for plaintiffs.

J. Michael Haynes, Asst. U.S. Atty., Knoxville, Tenn., Betsy E. Burke, Attorney, Tax Division, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether the plaintiff debtors, pursuant to 11 U.S.C.A. § 522(f)(1) (1979), may avoid a federal tax lien, 26 U.S.C.A. § 6321 (1954), and levy, 26 U.S.C.A. § 6331 (1954), upon insurance proceeds from the destruction of their home, ordinarily exempt under applicable state law. Tenn. Code Ann. § 26–2–304 (1980).

### I

The debtors filed their voluntary petition for chapter 7 relief on August 25, 1983. Prior to the petition, on March 21, 1979, the Internal Revenue Service made an assessment against the debtors for income taxes for 1977 and 1978 in the amounts respectively of $454.34 and $1,442.91. Approximately one year later, on March 29, 1980, a fire destroyed the debtors' house. The IRS served a Notice of Levy dated June 23, 1980, upon Cambridge Mutual Fire Insurance Company, the insurer of the residence, in the amount of $2,746.91, representing the unpaid balance plus statutory additions. On September 4, 1980, the IRS filed a Notice of Federal Tax Lien in Knox County, Tennessee, the situs of debtors' residence. In January 1983 debtors filed suit on the insurance policy against Cambridge Mutual in the Circuit Court for Knox County.

Debtors and the insurance company arrived at a settlement on May 19, 1983; the insurance company agreed to pay debtors $4,500.00. In June 1983 Cambridge Mutual brought in the IRS in an interpleader action and deposited the funds with the Knox County Circuit Court. Subsequently, the Circuit Court denied a motion by debtors to set aside the settlement.[1] The IRS served a Notice of Levy dated August 5, 1983, upon the Clerk of the Knox County Circuit Court for the unpaid balance, plus statutory additions, in the total amount of $3,735.65.

The IRS filed thereafter a proof of claim in the debtor's bankruptcy case in the amount of $3,695.05. Debtors commenced this adversary proceeding on September 27, 1983.

## II

Debtors contend first that their debt to the IRS is dischargeable pursuant to 11 U.S.C.A. § 523(a)(1)(A) (1979) because it is a debt for income tax due more than three years before the filing of the petition. Additionally, debtors assert that they are entitled under 11 U.S.C.A. § 522(f)(1) (1979) to avoid the IRS lien upon the insurance proceeds because the lien impairs their right to exempt the proceeds from their bankruptcy estate. 11 U.S.C.A. § 522(b)(1) (1979); Tenn.Code Ann. § 26–2–304 (1980).

Defendant contends that the insurance proceeds are not property of the estate under 11 U.S.C.A. § 541 (1979) because the administrative levy upon the proceeds pursuant to 26 U.S.C.A. § 6331 (1954) amounted to a constructive seizure of the proceeds prior to the filing of the bankruptcy petition. Further, defendant asserts that debtors' state-created exemption is inoperative against a valid federal tax lien.

■ As a point of departure, it is clear that the proceeds are property of the estate subject to the turnover provisions of 11 U.S.C.A. §§ 542 and 543 (1979).

Defendant maintains that *Phelps v. United States*, 421 U.S. 330, 95 S.Ct. 1728, 44 L.Ed.2d 201 (1975) mandates the conclusion that the levy on the proceeds by the United States constituted a constructive seizure of the property, extinguishing (to the extent of the lien) debtors' interest in the property prior to commencement of the bankruptcy case. Decided under the Bankruptcy Act of 1898, *Phelps* held that where the IRS, prior to the bankruptcy petition, had served notice of a tax levy on an assignee for the benefit of creditors to whom the bankrupt had transferred his assets, the IRS levy reduced the funds held by the assignee to the constructive possession of the United States. Since the property was held by the assignee not for the bankrupt, but for another party, the property was not subject to the summary jurisdiction of the bankruptcy court.

In *U.S. v. Whiting Pools, Inc.*, —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) the Supreme Court more recently considered *Phelps* in light of the changes in the law of bankruptcy worked by the Bankruptcy Reform Act of 1978. In *Whiting Pools* the debtor in possession sought an order under 11 U.S.C.A. § 542(a) (1979) requiring the IRS to turn over to the bankruptcy estate property of the debtor that the IRS had seized, prior to the filing of the reorganization petition, to satisfy tax liens.

The Court distinguished *Phelps,* noting that under the former Bankruptcy Act a bankruptcy court's summary jurisdiction extended only to property in the debtor's possession when the liquidation petition was filed. *Whiting Pools,* 103 S.Ct. at 2314 n. 13. However, said the Court, the new Bankruptcy Code abolished the distinction between summary and plenary jurisdiction, expanding the bankruptcy court's jurisdiction beyond property in the debtor's possession. *Id.* The court pointed to the IRS's status as a secured creditor by virtue of its tax lien and observed that Congress, rather than excluding from the estate property subject to a secured interest, had included such property in the estate, subject to the protective provisions of 11 U.S.C.A.

---

1. Debtors made the motion to set aside the settlement after Cambridge Mutual filed the interpleader action bringing in the IRS claim to the funds.

§ 363(e) (1979). *Whiting Pools,* 103 S.Ct. at 2313. The Court also noted that the language of 11 U.S.C.A. § 541(a) (1979) ("Such estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case.") and the several provisions bringing into the estate property in which the debtor did not have a possessory interest at the commencement of bankruptcy proceedings (e.g. Code §§ 542, 543, 547, and 548) bespoke a congressional intent to include "a broad range of property" in the estate. *Whiting Pools,* 103 S.Ct. at 2313. Furthermore:

> Nothing in the Bankruptcy Code or its legislative history indicates that Congress intended a special exception for the tax collector in the form of an exclusion from the estate of property seized to satisfy a tax lien.

*Whiting Pools,* 103 S.Ct. at 2316.

Since the tax levy had not transferred ownership of the property to the IRS, the property remained property of the estate. *Whiting Pools,* 103 S.Ct. at 2316–17.

■ Although *Whiting Pools* involved a chapter 11 petitioner, the above principles enunciated by the Court are nonetheless applicable to the instant case. The provisions of Bankruptcy Code §§ 541–543 apply equally to both proceedings under chapters 7 and 11. 11 U.S.C.A. § 103(a) (1979).

■ In regard to the question of dischargeability, debtors are mistaken in contending that this claim, secured by a lien, may be discharged. Bankruptcy Code § 523(a)(1)(A) excepts from discharge a tax of the kind and for the periods specified in 11 U.S.C.A. § 507(a)(6) (1979):

> [A]llowed *unsecured* claims of governmental units, to the extent that such claims are for—
>
> (A) a tax on or measured by income or gross receipts—
>
> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition (emphasis supplied).

An *unsecured* claim for income tax for which a return was due more than three years before the filing of the petition is dischargeable. Section 523(a)(1)(A) does not apply to a tax debt secured by a lien, as in the instant case, and does not subject a secured claim to discharge.

■ Debtors are similarly in error in contending that the federal tax lien arising under 26 U.S.C.A. § 6321 (1954) may be avoided pursuant to Bankruptcy Code § 522(f). Section 522(f) provides in material part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien . . . .

The lien created by 26 U.S.C.A. § 6321 (1954) is not a judicial lien. The Bankruptcy Code defines a "judicial lien" as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C.A. § 101(27) (1979). In contrast, the Bankruptcy Code defines a "statutory lien" as one "arising solely by force of a statute on specified circumstances or conditions . . . ." 11 U.S.C.A. § 101(38) (1979).

Here, the United States' lien was not obtained by the levy, or by any legal or equitable process or proceeding, but rather arose at the time assessment was made for the tax liability. 26 U.S.C.A. §§ 6321 and 6322 (1954).

Legislative history indicates a clear congressional intent to include tax liens within the definition of a statutory lien. The House Committee on the Judiciary observed:

> A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action . . . Tax liens are also included in the definition of statutory lien. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 314, *re-*

*printed in* 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6271.

As the lien in question is not a judicial lien, debtors are not entitled to invoke the provisions of § 522(f).

Furthermore, the debtors may not invoke the state-created exemption for insurance proceeds from the destruction of a homestead, Tenn.Code Ann. § 26–2–304 (1980), to defeat the federal income tax lien on the proceeds.

Federal law provides for specific and circumscribed exemptions of property from levy by the United States to satisfy a tax debt. 26 U.S.C.A. § 6334 (1954). The statute explicitly provides:

> Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

26 U.S.C.A. § 6334(c).

The statute contains no exemption for the type of property involved herein.

Article VI, clause 2 of the Constitution of the United States provides:

> [T]he Laws of the United States ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

In *United States v. Bess,* 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958) the Supreme Court held that a New Jersey statute permitting the beneficiary of a life insurance policy to exempt its proceeds from creditors' claims could not prevent the attachment of a federal tax lien on proceeds received by a wife, to the extent of the cash surrender value of a policy owned by the husband, to satisfy tax liabilities of the husband. The Court observed that "state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States," *Bess,* 357 U.S. at 57, 78 S.Ct. at 1058, and noted that the fact that "Congress provided specific exemptions from distraint is evidence that

Congress did not intend to recognize further exemptions ...." *Id.*

The Court reached a similar conclusion in *United States v. Mitchell,* 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971). In *Mitchell* the Court held a married Louisiana woman liable for income taxes on her one-half interest in community income, despite her renunciation of her community rights under state law for the purpose of exonerating herself from debts contracted during the marriage. The Court observed:

> [A]n exempt status under state law does not bind the federal collector. Federal law governs what is exempt from federal levy.

*Mitchell,* 403 U.S. at 204, 91 S.Ct. at 1771.

Pointing to the exclusive exemptions enumerated in 26 U.S.C.A. § 6334(c) (1954), the Court said:

> This language is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law.

*Mitchell,* 403 U.S. at 205, 91 S.Ct. at 1771.

Similar conclusions have been reached by the United States Court of Appeals for this circuit, *Knox v. Great West Life Assur. Co.,* 212 F.2d 784 (6th Cir.1954) (state statute exempting insurance proceeds payable to insured's wife from liability to creditors of insured was ineffective to prevent foreclosure of tax lien upon cash surrender value of policy) and by the Tennessee Supreme Court, *Howard v. United States,* 566 S.W.2d 521 (Tenn.1978) (income from spendthrift trust insulated under state law from the claims of creditors held subject to a lien for the payment of federal taxes). *See also, U.S. v. Heffron* 158 F.2d 657 (9th Cir.1947) (state homestead exemption, although recognized by Bankruptcy Act, held not effective against a federal tax lien), *cert. denied* 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845 (1947).

In conclusion, debtors' federal income tax debt is not discharged to the extent that the IRS claim is secured by a lien upon the insurance settlement proceeds. Nor may debtors avoid the lien on the proceeds under 11 U.S.C.A. § 522(f)(1) (1979). Although

the lien and subsequent levy by defendant do not remove the proceeds from the debtors' estate, the proceeds remain subject to a valid tax lien under federal law and may consequently not be exempted under 11 U.S.C.A. § 522 (1979) and Tenn.Code Ann. § 26–2–304 (1980).

This Memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.