In re Marshall HAYWOOD, III, Debtor.

Marshall HAYWOOD, III, Plaintiff,

v.

STATE OF ILLINOIS, Acting Through the DEPARTMENT OF REVENUE, Defendant.

Bankruptcy No. 84 B 13084.
Adv. No. 85 A 0078.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 20, 1986.

---

Malcolm M. Gaynor, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for debtor.

James D. Newbold, Asst. Atty. Gen., Revenue Litigation Div., Chicago, Ill., for State of Illinois.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT**

JACK B. SCHMETTERER, Bankruptcy Judge.

This matter is before the Court as Amended Motion of defendant State of Illi-

nois ("State") for summary judgment on debtor's Complaint to determine the dischargeability of State tax debts. The Court has reviewed the pleadings, memoranda, exhibits and affidavit filed by the State and does hereby grant the State's motion.

## FACTS

The material facts shown from the pleadings and Broadie affidavit filed by the State are not disputed. In 1980, the Internal Revenue Service ("IRS") audited the debtor's federal income tax returns for the years 1973–76. The IRS determined that the debtor had understated his taxable income by approximately $2,350,000 for those years and assessed a tax deficiency of approximately $1,460,000. In September, 1980, the debtor consented to the immediate assessment of the deficiencies.

After learning from the IRS of the action, the State commenced an examination of the debtor's State income tax returns for the same years. As part of that examination a state auditor computed debtor's additional taxes by preparing pro forma tax returns for the relevant tax years. The State determined that the debtor owed $58,571.00 in additional State income taxes for the four years 1973 through 1976. These taxes were assessed by the State effective March 21, 1983, in accordance with a notice of deficiency dated February 3, 1983.

The State submitted the uncontradicted affidavit of William T. Broadie, an Assistant Audit Division Manager in the Illinois Department of Revenue, which states that the debtor never filed amended income tax returns with the State for the years 1973 through 1976 reflecting the redetermination of the debtor's income by the IRS in 1980. The debtor never disputed this.

On October 16, 1984, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On January 28, 1985, the debtor filed this adversary proceeding seeking a declaration that the debtor's tax liabilities plus interest to the State for the years 1973 through 1976 are not excepted from discharge under the provisions of the Bankruptcy Code. The State contends that the debtor's State tax obligations are non-dischargeable under 11 U.S.C. §§ 523(a)(1)(B) and 523(a)(1)(C). The matter is now before the Court on the State's amended motion for summary judgment. Both parties have submitted briefs in support of their positions.

## DISCUSSION

■ The State's amended motion for summary judgment is made pursuant to Rule 56, F.R.Civ.P., made applicable herein by Bankruptcy Rule 7056, which provides in pertinent part that the:

judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(c) F.R.Civ.P. Therefore, the first inquiry the Court must make is whether, based on the pleadings, memoranda, affidavits and other materials, there exists a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law. *Moore v. Marketplace Restaurant*, 754 F.2d 1336, 1339 (7th Cir., 1985).

The parties urge this Court to reach different conclusions based on their respective interpretations of the law. However, parties do not dispute the material facts. Therefore, the issue before the Court is a question of law and is appropriate for summary judgment, there being no material issue of fact.

This Court has jurisdiction to hear the matter under 28 U.S.C. § 157(b)(2)(I) and the General Order of the District Court for the Northern District of Illinois dated July 10, 1984.

Section 5–506(b) of the Illinois Income Tax Act requires a taxpayer who is subject to a change in his/her federal tax return to file a signed amended State return within

20 days after the federal change becomes final. Ill.Rev.Stat., ch. 120, ¶ 5–506(b). This is because the State income tax is based on adjusted gross income as reported on an individual's federal tax return. As a result, any change in the reportable federal income would necessarily affect an individual's income reportable on his/her's Illinois income tax return. This system of "piggybacking" the State income tax system on the federal income system is in accordance with Article 9, Section 3(b) of the Illinois Constitution which provides:

> Laws imposing taxes on or measured by income may adopt by reference provisions of the laws and regulations of the United States, as they then exist or thereafter may be changed, for purposes of arriving at the amount of income on which the tax is imposed.

Ill. Const. art. 9, § 3(b). It is undisputed by the parties that the debtor was, in accordance with State law as described *supra,* required to file amended State income tax returns for the years in question.

■ Section 523(a)(1)(B)(i) of the Bankruptcy Code provides:

> (a)  A discharge under section 727, 1141, or 1328 (b) of this title does not discharge an individual debtor from any debt—
>
> (1)  for a tax or customs duty—
>
> (B)  with respect to which a return, if required—
>
> (i)  was not filed;

11 U.S.C. § 523(a)(1)(B)(i). The language of the statute is clear. An individual's debt arising as the result of tax for which the debtor was required to file a return is nondischargeable if the debtor did not file that return. This plain reading of the statute is reinforced by the Report of the Senate Finance Committee which outlined the intent of the statute where the Report states:

> Certain prepetition tax liabilities are not given priority in distribution from property of the estate, but under S.2266 [Senate version of Code] would survive as liabilities of the debtor after the case. This category includes (1) taxes for

which the debtor had not filed a return as of the bankruptcy petition ... *Note 19.

*Note 19 ... The bankruptcy policy for this treatment is that it is not fair to penalize private creditors of the debtor by paying out of the "pot" of assets in the estate tax liabilities arising from the debtor's deliberate misconduct. On the other hand, the debtor should not be able to use bankruptcy to escape these kinds of taxes. Therefore, these taxes have no priority in payment from the estate but survive as continuing debts after the case.

Senate Report No. 95–1106, 95th Cong., 2nd Sess. 22 (1978).

■ The foregoing clearly establishes that the debtor was required to file amended State income tax returns after the adjustment to his federal income tax returns became final. It is equally clear that if the debtor did not file the amended tax returns as required by Ill. Rev. Stat., ch. 120, ¶ 5–506(b), the taxes due are non-dischargeable under 11 U.S.C. § 523(a)(1)(B)(i). Under that statute, the fact that the taxes were already assessed by the State is irrelevant. Merely because the State caught up to the taxpayer through its diligence does not free that person from the consequences of § 523(a)(1)(B)(i).

■ In addition, the staleness of the tax or the length of time a taxing body has had to collect the tax is irrelevant in a determination of nondischargeability under 11 U.S.C. § 523(a)(1)(B)(i). The legislative history to that provision states:

> Also included in the nondischargeable debts are taxes for which the debtor had not filed a required return as of the petition date, or for which a return had been filed beyond its last permitted due date (sec. 523(a)(1)(B)). For this purpose, the date of the tax year to which the return relates is immaterial.

Senate Report No. 95–989, 95th Cong., 2nd Sess. 78 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5864.

The debtor contends, however, that his amended tax returns were in fact "filed". While admitting that he didn't file them himself, debtor argues that the State filed the amended returns for him. To support this argument, the debtor points to the pro forma "Amended Illinois Income Tax Returns" prepared by the state tax auditor for each year in question. Those forms were filled out by the State using the information provided them by IRS. They are stamped: "PREPARED BY OFFICE REVIEWER." They are not signed by the debtor nor is there any indication on the forms that they were in fact filed.

The debtor's argument that these forms constitute the filing of the required forms by the taxpayer is without merit. The forms are nothing more than work papers used by employees of the State of Illinois.

Indeed, the debtor did not point out any statute allowing the State to fill out and actually file a tax return for a taxpayer without that taxpayer's knowledge, consent, and signature. The law provides that the return "shall be signed by such person ... and shall be filed not less than 20 days after such alteration has been agreed to or finally determined for federal income tax purposes ..." Ill.Rev.Stat., ch. 120, ¶ 5-506(b). Additionally, ¶ 5-504 provides:

> Each return or notice required to be filed under this Act shall contain or be verified by a written declaration that it is made under penalty of perjury.

Ill.Rev.Stat. ch. 120, ¶ 5-504. None of those requirements for signature and filing were fulfilled by the taxpayer. Clearly they were not fulfilled by the State, nor could they be. The State's work papers cannot possibly constitute a filing under applicable State law. Therefore, the debtor's tax liability is non-dischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

If the State had not learned of the IRS assessment, debtor would of course have been free from any collection efforts by the State. But even when the State learned about the IRS assessment and assessed the State taxes due, debtor claims that the paperwork done to support the assessment constituted a filing on his behalf, and so the state cannot prevail under his theory. Either way, under that theory the State must always lose and the Bankruptcy provision rendered a nullity. The Bankruptcy Act provision involved was meant to encourage honest and self-generated reporting by taxpayers, not to immunize non-reporting debtors who, once caught, seek to discharge their discovered tax obligations along with other debts in bankruptcy.

Since the Court finds the debt non-dischargeable under § 523(a)(1)(B)(i), it need not address and does not reach the additional arguments raised by the parties under § 523(a)(1)(C) or § 507(a)(7)(A)(iii).

**THEREFORE, IT IS HEREBY ORDERED** that the State's motion for summary judgment is granted. The debtor's State tax liabilities for the years 1973, 1974, 1975 and 1976, to the extent they exceed that which he reported in the returns he filed for those years, will be declared non-dischargeable under § 523(a)(1)(B)(i) in final judgment order to be entered separately.