**In re Robert HOFMANN, Debtor.**

**Robert HOFMANN, Plaintiff,**

**v.**

**UNITED STATES of America and Internal Revenue Service, Defendants.**

**Bankruptcy No. 87–01341–BKC–TCB.**
**Adv. No. 87–0224–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

July 9, 1987.

Philip T. Weinstein, Weinstein & Garvin, P.A., Miami, Fla., for plaintiff.

Jose F. DeLeon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The debtor seeks a determination of dischargeability of his federal tax debts under 11 U.S.C. § 523(a)(1). The United States of America representing the Internal Revenue Service has answered. (C.P. No. 5). The matter was tried on June 11.

The parties stipulated to the dischargeability of income taxes, penalties and inter-

est of the debtor for all but two of the years in question. (C.P. No. 12). An order determining dischargeability in part in accordance with this stipulation (C.P. No. 9) has been entered. The facts pertinent to the remaining years, 1968 and 1983, are completely undisputed.

For the year 1968, the official records of the Internal Revenue Service show that an income tax return form 1040 was filed by agents or employees of the Internal Revenue Service on behalf of the debtor on August 14, 1973. This return was prepared under the authority of Section 6020 of the Internal Revenue Code. Taxes were assessed relative to the return prepared by the government, and the amount due is $21,032.93 plus interest from November 19, 1973.

Under § 523(a):

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—(1) for a tax ...

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition".

■ It is undisputed that the debtor never personally filed a tax return for 1968. However, the debtor argues that literally a return was filed (by the government) and that the statutory language of § 523(a)(1)(B) which eliminated the specific reference in § 17(a) of the former Bankruptcy Act which specified nondischargeability:

"in any case in which the *bankrupt* failed to make a return required by law" (emphasis supplied)

calls for a different interpretation than under the former law. I disagree.

The government's position that § 523(a)(1)(B)(i) renders nondischargeable a tax for which the *debtor* did not file a tax return is supported by the legislative history. *See Notes of Committee on the Judiciary, S.Rep. No.* 95–989, 95th Cong., 2nd

Sess. 78 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787. I find without merit the debtor's rebuttal argument that the government's recital of this legislative history is an attempt to mislead the court.

In a case where a debtor argued the same point regarding a tax return required under state law, the court found the argument to be without merit. *Haywood v. Illinois (In re Haywood)*, 62 B.R. 482 (Bankr.N.D.Ill.1986). The court stated:

"The language of the statute is clear. An individual's debt arising as the result of tax for which the debtor was required to file a return is nondischargeable if the debtor did not file that return. This plain reading of the statute is reinforced by the Report of the Senate Finance Committee...." *Id.* at 485.

The statement of bankruptcy policy contained in the Senate Finance Committee Report in reference to § 523(a)(1)(B)(i) is relevant to these facts.

"[T]he debtor should not be able to use bankruptcy to escape these kinds of taxes [tax liabilities arising from the debtor's deliberate misconduct]." (quoted in *Haywood* at 485).

■ Regarding the debtor's argument that the taxes have long been assessed, the staleness argument was dismissed as irrelevant in *Haywood* where the court stated:

"[m]erely because the State caught up to the taxpayer through its diligence does not free that person from the consequences of § 523(a)(1)(B)(i)." *Id.*

Accordingly, I find that the taxes due for 1968 are nondischargeable.

■ The question regarding the tax debt for 1983 is determined under § 523(a)(1)(A) which renders nondischargeable priority tax claims under § 507(a)(7):

"(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition."

The debtor filed his bankruptcy petition on April 20, 1987. For the year 1983, the

debtor received an extension of time to file his return until August 15, 1984. The debtor filed the return on December 11, 1984. The amount due for 1983 taxes is $17,577.80 plus interest from March 1985.

The debtor suggests that instead of reading the statute literally, the court should find in the debtor's favor by inquiring into the intent of Congress and also by ignoring the words "including extensions" in the section quoted above. However, the debtor concedes that if § 507(a)(7) were read literally, that the petition "might have been filed too soon to discharge" these taxes. I read the statute literally, and find, therefore, that the taxes due for 1983 are nondischargeable.

As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith.