In re Nancy Elizabeth SENYO, Debtor.

Nancy Elizabeth SENYO, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Department of the Treasury and Daniel J. Hartle, Esq., Trustee, Defendants.

Bankruptcy No. 86–00531E.

Motion No. 86–1037E.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 8, 1988.

Merle G. Johnson, Port Allegany, Pa., for debtor.

J. Alan Johnson, Asst. U.S. Atty., Washington, D.C., John B. Hall, DuBois, Pa., for IRS, Dept. of the Treasury.

Daniel J. Hartle, Bradford, Pa., Trustee.

## MEMORANDUM AND ORDER VACATING DEFAULT ORDER AND ENTERING SUBSTITUTE ORDER

WARREN W. BENTZ, Bankruptcy Judge.

The issue is whether a default order entered against the Internal Revenue Service ("IRS") on the debtor's Motion for Lien Avoidance under Bankruptcy Rule 4003(d) should be opened, and if so, whether the Motion to Dismiss filed by the IRS should be granted.

Debtor filed her lien avoidance motion on November 25, 1986, alleging that an IRS tax lien filed June 1, 1984 in the McKean County Court of Common Pleas in the amount of $1,660.34 is a judicial lien which impairs the debtor's exemption within the meaning of § 522(f)(1). Also on November 28, 1986, this Court issued its order for service of the Motion, ordering that a response be filed within 15 days of service, and, if not, a default would be entered, but only upon the filing by the Movant of a certification of such service. The debtor filed its certification of service indicating that it served the respondent by mail on December 2, 1986. No answer or other response having been filed by December 30, 1986, a default order was then entered in favor of the debtor. On January 7, 1987, the IRS filed its MOTION TO DISMISS AND MEMORANDUM OF LAW and on January 16, 1987 filed a MOTION TO ALTER OR AMEND ORDER OF DECEMBER 30, 1986.

The IRS argues that the statutory liens of the United States may only be avoided in an adversary proceeding, that no default judgment should have been entered against the IRS under Federal Rule of Civil Procedure 55(e) and that the debtor's motion failed to state a claim upon which relief could be granted against the IRS.

 We find no merit in the argument that the IRS lien can only be avoided in an adversary proceeding. Rule 4003(d) explicitly states that:

A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014.

As the Advisory Committee Note to Rule 4003 aptly points out, "Subdivision (d) provides that a proceeding by the debtor *permitted* by § 522(f) of the Code is a contested matter rather than the more formal adversary proceeding."

The IRS argument that it is protected from default judgments has more substance. Rule 4003(d) makes clear that all disputes arising under § 522(f) will be treated as contested matter proceedings under Rule 9014. Rule 9014 provides that unless the court otherwise directs, certain rules under Part VII apply, including Rule 7055 which governs default judgments in adversary proceedings. Bankruptcy Rule 7055 provides that Rule 55 F.R.Civ.P. applies. Thus, Federal Rule 55 is applicable in this contested matter since we did not order otherwise. Therefore, we must follow the procedure set forth in Federal Rule 55. Federal Rule 55 provides in subparagraph (e) that "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Thus, this court should have examined the merits and evidence of the matter before the entry of the default judgment. Not having done so, we must do so now.

After a review of the merits, it appears that the IRS lien is not a judicial lien, but rather a statutory lien and may not be avoided by the debtor in order to obtain his exemptions under § 522 of the Bankruptcy Code. We find the analysis and legislative history persuasive in the cases that have addressed this issue. *In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wisc.1986); *Mills v. United States (In re Mills)*, 37 B.R. 832 (Bankr.E.D.Tenn.1984); *and Davis v. Internal Revenue Service (In re Davis)*, 22 B.R. 523 (Bankr.W.D.Pa.1981). Therefore, it appears that this court was in error in allowing the default judgment to be entered.

ORDER

For the foregoing reasons, it is ORDERED as follows:

1. The order of this court of December 30, 1986 granting movant's Motion for Avoidance of the Internal Revenue Service lien is vacated; and

2. The motion filed by the above debtor, to avoid the lien of the Internal Revenue Service, filed November 25, 1986, shall be, and it hereby is, dismissed.