In re Herschel D. PRUITT and Stacy L. Pruitt, Debtors.

Herschel D. PRUITT and Stacy L. Pruitt, Plaintiffs,

v.

UNITED STATES GOVERNMENT acting through the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 88–05246–A.
Adv. No. 88–0523.

United States Bankruptcy Court, D. Wyoming.

Aug. 3, 1989.

---

Robert A. Monteith, Casper, Wyo., for plaintiffs.

David A. Kubichek, Asst. U.S. Atty., Cheyenne, Wyo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAROLD L. MAI, Bankruptcy Judge.

THIS MATTER having come before the court for trial on the debtors' Complaint to Determine Dischargeability: Robert A. Monteith, Casper, Wyoming, appearing for the debtors/plaintiffs; David A. Kubichek, Assistant United States Attorney, appearing for the United States.

Now, the court having considered all papers and pleadings filed herein, the testimony of debtor/plaintiff Herschel D. Pruitt, having heard argument of counsel, and be-

ing fully advised, does hereby find and conclude as follows:

## FINDINGS OF FACT

The following facts are not in dispute.

1. Mr. Pruitt failed to file a federal income tax return for the taxable years 1977, 1978, 1979, 1980, 1981, and 1982.

2. In April of 1984, Internal Revenue Service agents or employees filed, on behalf of Mr. Pruitt, "substitute returns" for the 1977, 1978, 1979, 1981, and 1982 taxable years. In May of 1984, a "substitute return" was filed by the Internal Revenue Service for the 1980 taxable year.

3. The tax returns were filed by the Internal Revenue Service pursuant to 26 U.S.C. § 6020(b). Returns filed pursuant to § 6020 contain no taxpayer information and generally serve the purpose of creating a vehicle for subsequent account postings.

4. Mr. Pruitt duly received the statutory notice of deficiency and of his right to hearing. In the fall of 1986, he received notice that his request for hearing was denied because it was not timely filed.

5. In August and October of 1986, the IRS assessed taxes against Mr. Pruitt for the taxable years 1977 through 1982.

6. The plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 28, 1988.

7. On the date of the petition, the debt due and owing from Mr. Pruitt to the IRS, arising from the taxable years 1977 through 1982, including Federal taxes, interest, and penalties, was a total of $481,-534.96.

8. Mrs. Pruitt was not present at trial.

## DISCUSSIONS AND CONCLUSIONS

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 905. This Complaint to Determine the Dischargeability of a Debt is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

Exceptions to discharge are to be construed narrowly. *In re Black,* 787 F.2d

503, 505 (10th Cir.1986); 3 COLLIER ON BANKRUPTCY ¶ 523.05A at 523–17 (15th ed. 1989) (Statute "to be strictly construed against objecting creditor and liberally in favor of the debtor.") The burden of proving that a debt falls within a statutory exception is on the party opposing the discharge of the debt. *In re Black, supra.*

■ Section 523(a)(1)(B) provides:

(a) A discharge under Section 727, ... does not discharge an individual debtor from any debt—

(1) for a tax ...

(B) with respect to which a return, if required—

(i) was not filed

11 U.S.C. § 523(a)(1)(B).

It is undisputed that Mr. Pruitt was required to file returns for the taxable years 1977 through 1982, and he did not file them.

However, it is the plaintiffs' position that because the IRS itself filed substituted returns pursuant to 26 U.S.C. § 6020, § 523(a)(1)(B) does not apply because "returns" were filed. In support of their position, plaintiffs rely on the language of § 6020(b)(2) of the Internal Revenue Code which provides that such a substitute return "shall be prima facie good and sufficient for all legal purposes."

This same argument was raised and rejected in the case of *In re Hoffmann*, 76 B.R. 853 (Bkrtcy.S.D.Fla.1987). In that case, the debtor had also failed to file a required tax return and the IRS had filed one on his behalf pursuant to 26 U.C.C. § 6020. The court in *Hoffmann*, held that under a plain reading of § 523(a)(1)(B), a debt arising from taxes for which the debtor was required to file a return is nondischargeable if the debtor did not file that return. *Id* at 854 quoting *In re Haywood*, 62 B.R. 482, 485 (Bkrtcy D.Ill.1986) (debtor failed to file required state tax return).

Section 523(a)(1)(B) was meant to "encourage honest and self-generated reporting by taxpayers, not to immunize non-reporting debtors who, once caught, seek to discharge their discovered tax obligations along with other debts in Bankruptcy." *In re Haywood, supra,* 62 B.R. at 485.

Plaintiffs' interpretation of 26 U.S.C. § 6020 and § 523(a)(1)(B), would result in encouragement of non-filing of tax returns. Any taxpayer could simply refuse to file a tax return for a taxable year. Eventually, the IRS would file a substitute return on behalf of the taxpayer pursuant to § 6020. The filing of such a substitute return is a simple administrative step which allows the assessment and collection process to begin. The result of completing this necessary IRS administrative procedure would be to effectively excuse the non-filing taxpayer from his own deliberate misconduct. After a few years the taxes would then be ordinarily dischargeable. Such an interpretation would render § 523(a)(1)(B) a nullity.

The plain language of the section, as well as the purpose behind its enactment, require that the debtors have filed the required return.

■ Alternatively, the plaintiffs argue that the taxes should be dischargeable because they have been "owed for more than 6 years".

Notwithstanding any other time limitations, § 523(a)(1)(B), operates to allow recovery of "taxes left unpaid by the convenient method of failing to file a return." 3 COLLIER ON BANKRUPTCY ¶ 523.06 at 523–25 (15th ed.1989).

* * * Opportunity without limit is accorded by the Code to learn of the tax deficiency, even beyond the time of bankruptcy. Section 523(a)(1)(B)(i) is stated in the simplest terms: The debtor is not discharged from a tax debt with respect to a tax for which a return was required but not filed. *In the case of failure to file a return there is no time limitation.*

*Id.* (emphasis added).

It is clear that pursuant to § 523(a)(1)(B), the debt arising from the years in which he failed to file returns is non-dischargeable as to Mr. Pruitt. However, a different situation exists with regard to Mrs. Pruitt.

■ Mrs. Pruitt did not appear at trial. There is no evidence in the record to estab-

lish that she, individually, is liable for this debt. For example, there is no evidence that she was required to file returns, but failed to do so, for the taxable years in question. Mr. Pruitt's testimony only referred to his individual actions in connection with the taxable years 1977 through 1982. According to the government's own pleadings, the statutory notice of deficiency and the Notice of Levy were issued to Mr. Pruitt.[1]

Because there has been a complete lack of proof of the elements of § 523(a)(1)(B) with regards to a debt, if any, owed by plaintiff Stacy L. Pruitt, arising from the taxable years 1977 through 1982, the court concludes that such debt is dischargeable as to her.

The court will enter an appropriate order.

---

1. The listing of the tax debt in the plaintiffs' schedules filed with their bankruptcy petition does not, by itself, establish that Mrs. Pruitt is individually liable. In a joint case, the schedules must list every debt owed by either debtor, as well as debts owed by them jointly.