**In re Robert Merle RENCH, Ucinda Patricia Rench, d/b/a Robert Rench, Debtors.**

**Robert Merle RENCH and Ucinda Patricia Rench, Plaintiffs,**

v.

**UNITED STATES, INTERNAL REVENUE SERVICE and State of Kansas, Department of Revenue, Defendants.**

**Bankruptcy No. 90–40518–7.**
**Adv. No. 90–7168.**

United States Bankruptcy Court, D. Kansas.

March 21, 1991.

James J. Long, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

Woody D. Smith, Coffeyville, Kan., for debtors.

Darcy D. Williamson, Topeka, Kan., trustee.

## MEMORANDUM GRANTING SUMMARY JUDGMENT

JAMES A. PUSATERI, Bankruptcy Judge.

This matter comes before the Court on the motion of the United States/Internal Revenue Service ("US/IRS") for summary judgment in this suit by Robert and Ucinda Rench ("Debtors") to determine the dischargeability of income taxes, and the penalties and interest thereon, pursuant to 11 U.S.C. § 523(a). The US/IRS is represented by James J. Long, Trial Attorney, Tax Division, U.S. Department of Justice. The Debtors' attorney, Woody D. Smith, Coffeyville, Kansas, did not file a response to this summary judgment motion.

### Findings of Fact

The facts of this matter are undisputed. These Chapter 7 debtors seek a determination of dischargeability of individual income taxes, and the penalties and interest thereon, for the tax periods ending December 31 of the calendar years 1979 through 1986. The debtor-husband was a single taxpayer for the tax years 1979 through 1985. Both debtors filed a joint return in 1986.

For the tax years 1979 through 1983, at some time subsequent to April 15 of the following year, the IRS prepared by examination and filed a substitute federal income tax return for the debtor-husband pursuant to 26 U.S.C. § 6020. The US/IRS contends that the filing of a substitute return does not permit the discharge of the taxes for those years under 11 U.S.C. § 523(a)(1)(B)(i).

The US/IRS concedes that the debtors' liabilities for the tax years 1984 through 1986 are dischargeable. It contends, however, that the federal tax liens for those years remain enforceable against the exempt assets of the debtors' estate and from any assets acquired before the bankruptcy petition was filed pursuant to 11 U.S.C. § 522(c)(2)(B).

### Conclusions of Law

■ An individual debtor is not discharged from any debt for a tax with re-

spect to which a return, if required, was not filed. 11 U.S.C. § 523(a)(1)(B)(i). This is true even if the government has filed a tax return for him. *In re Haywood*, 62 B.R. 482 (Bankr.N.D.Ill.1986) (nondischargeability of state income taxes because no return filed); *In re Hofmann*, 76 B.R. 853 (Bankr.S.D.Fla.1987); *In re D'Avanza*, 101 B.R. 787 (Bankr.M.D.Fla.1989); *In re Pruitt*, 107 B.R. 764, 766 (Bankr.D.Wyo. 1989); *In re Chastang*, 116 B.R. 833 (Bankr.M.D.Fla.1990).

The *Hofmann* court rejected a debtor's argument that literally a return was filed, even if by the government, and the *Pruitt* court rejected a debtor's reliance on the language of 26 U.S.C. § 6020(b)(2) which provides that a substitute return "shall be prima facie good and sufficient for all legal purposes." *Hofmann*, 76 B.R. at 854; *Pruitt*, 107 B.R. at 766. "The filing of such a substitute return is a simple administrative step which allows the assessment and collection process to begin." *Pruitt, id.* The *Hofmann* court also rejected the argument that § 523(a)(1)(B) required a different interpretation than under § 17(a) of the former Bankruptcy Act because of the elimination of the specific reference to nondischargeability "in any case in which the *bankrupt* failed to make a return required by law". *Hofmann*, 76 B.R. at 854 (emphasis added).

Instead, the courts have determined that nondischargeability when the debtor failed to make a required return is supported by both the language of the statute itself and the legislative history behind it:

> The language of the statute is clear. An individual's debt arising as the result of tax for which the debtor was required to file a return is nondischargeable if the debtor did not file that return. This plain reading of the statute is reinforced by the Report of the Senate Finance Committee which outlined the intent of the statute....
>
> .    .    .    .    .
>
> ... "[T]he debtor should not be able to use bankruptcy to escape these kinds of taxes [arising from his deliberate misconduct]. Therefore, these taxes have no

priority in payment from the estate but survive as continuing debts after the case."

*Haywood*, 62 B.R. at 485 (quoting *S.Rep. No.* 1106, 95th Cong., 2nd Sess. 22 (1978)). "Also included in the nondischargeable debts are taxes for which the debtor had not filed a required return as of the petition date, or for which a return had been filed beyond its last permitted due date (§ 523(a)(1)(B))." *S.Rep. No.* 989, 95th Cong., 2nd Sess. 77–78 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5864.

The *Haywood* court concluded that § 523(a)(1)(B) "was meant to encourage honest and self-generated reporting by taxpayers, not to immunize non-reporting debtors who, once caught, seek to discharge their discovered tax obligations along with other debts in Bankruptcy." *Haywood*, 62 B.R. at 486. Any other result would nullify § 523(a)(1)(B). *Pruitt*, 107 B.R. at 766.

■ Even though the debtors' liabilities for the tax years 1984 through 1986 are dischargeable, the federal tax liens for those years do remain enforceable against the exempt assets of the debtors' estate and from any assets acquired before the bankruptcy petition was filed. Property exempted under § 522 remains liable after the case for any pre-petition debt secured by a tax lien, notice of which is properly filed. 11 U.S.C. § 522(c)(2)(B). Thus, 11 U.S.C. § 522(c)(2)(B) prevents avoidance of a lien for tax penalties, where the IRS has properly filed notice of tax lien. *In re Gerulis*, 56 B.R. 283 (Bankr.D.Minn.1985).

■ Even if notice of the tax lien has not been properly filed, an IRS lien is not avoidable under 11 U.S.C. § 522(f). *In re Booth*, 17 B.R. 842 (Bankr.E.D.Pa.1982); *In re Mills*, 37 B.R. 832 (Bankr.E.D.Tenn. 1984); *In re Driscoll*, 57 B.R. 322 (Bankr. W.D.Wis.1986). Section 522(f) grants the debtor the power to avoid two types of liens on any property exempted under either federal or state exemption provisions. 11 U.S.C. § 522(b), (d), (f). Under § 522(f)(2), the debtor may avoid a nonpossessory, non-purchase money security

interest in certain household and personal goods. A tax lien clearly is not this type of lien: "The basis for a security interest is an agreement between the parties. In the case at bar, the I.R.S. lien did not arise out of such an agreement." *Booth,* 17 B.R. at 842.

Under § 522(f)(1), the debtor may avoid a judicial lien "which would arise upon the docketing of a judgment." *Booth, id.* A "judicial lien" is defined in the Bankruptcy Code as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). The tax lien was not obtained by levy, or by any legal or equitable process or proceeding; because it arises at the time assessment is made for tax liability, it is not a judicial lien. *Mills,* 37 B.R. at 834–35 (citing 26 U.S.C. §§ 6321, 6322). "I.R.S. liens are authorized by statute and require no judicial action to become effective." *Booth, id.* Thus, it is a "statutory lien", defined in the Bankruptcy Code as one "arising solely by force of statute on specified circumstances or conditions...." 11 U.S.C. § 101(47) (1988). In addition, Congress clearly intended to include tax liens within the definition of a statutory lien: "A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action ... Tax liens are also included in the definition of statutory lien." H.R.Rep. No. 595, 95th Cong. 1st Sess. 314 (1978), U.S.Code Cong. & Admin.News 1978, p. 6271; *Mills,* 37 B.R. at 834–35. Because the tax lien is neither a security interest nor a judicial lien, it may not be avoided under § 522(f): "Conspicuously absent from section 522(f) is any provision allowing the debtor to avoid statutory liens. There is no question that the tax lien which is the subject of this dispute is a statutory lien which may not be avoided under section 522(f)." *Driscoll,* 57 B.R. at 326. *See also In re Davis,* 22 B.R. 523 (Bankr.W.D.Pa.1981); *In re Zerger,* 35 B.R. 42 (Bankr.D.Or.1983); *In re Senyo,* 82 B.R. 401, 402 (Bankr.E.D.Pa.1988).

Accordingly, the filing of a substitute return does not permit the discharge of the taxes for the tax years 1979 through 1983 under 11 U.S.C. § 523(a)(1)(B)(i), and although the Debtors' liabilities for the tax years 1984 through 1986 are dischargeable, the federal tax liens for those years remain enforceable against the exempt assets of the Debtors' estate pursuant to 11 U.S.C. § 522(c)(2)(B), (f).

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.