**In re Carl T. ANDERSON, Debtor.**

**Carl T. ANDERSON, Plaintiff,**

v.

**UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 91–3297.**
**No. 90–33061.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 7, 1993.

Gordon R. Barry, Toledo, OH, for plaintiff.

Verne K. Armstrong, Toledo, OH, for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Defendant's Motion for Summary Judgment with Supporting Memorandum and Exhibits. Plaintiff filed a Memorandum in Opposition with supporting Exhibits, to which Defendant filed a Reply. The Court has reviewed the written arguments of counsel, supporting affidavits and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Defendant's Motion for Summary Judgment should be Granted.

## FACTS

This Court makes the following Findings of Fact. K–Plus Productions, Incorporated (hereafter "K–Plus"), is an S–Corporation. Plaintiff was a K–Plus shareholder who claimed a distributive share of income from K–Plus on his 1983 tax return. K–Plus claimed an investment tax credit on its 1983 tax return which Defendant subsequently disallowed. As a result, Plaintiff incurred a tax deficiency emanating from taxable year 1980.

Defendant mailed a Notice of Final S–Corporation Administrative Adjustments (hereafter "FSAA") to K–Plus' Tax Matters Person (hereafter "TMP") on June 19, 1989 apprising it of administrative adjustments disallowing the credit for taxable year 1983. The FSAA also stated that the TMP for K–Plus had the exclusive right to contest adjustments within ninety (90) days. The FSAA also advised that upon the expiration of the initial ninety (90) day period, the shareholders had a sixty (60) day window within which to contest the adjustments. Neither the TMP for K–Plus nor Plaintiff contested the adjustment. Consequently, the administrative adjustments became final on November 20, 1989.

On October 14, 1986, K–Plus' TMP executed a Consent to Extend the Time to Assess Tax Attributable to Items of an S–Corp Form (hereafter "Form 872–S"). The Form 872–S granted Defendant an extension until March 31, 1988 to assess K–Plus' tax for year ending December 31, 1983. K–Plus' TMP executed a second Form 872–S, granting an extension until June 30, 1989 for assessment of its 1983 tax liability. Form 872–S reads in relevant part as follows:

"If a notice of Final S Corporation Administrative Adjustment is sent to the S Corporation, the time for assessing the tax for the period(s) stated in the notice of the Final S Corporation Administrative Adjustment will not end until one (1) year after the date on which the determination of subchapter S items becomes final".

In the meantime, Plaintiff filed a petition pursuant to Chapter 7 of the Bankruptcy Code on September 6, 1990. All further proceedings on the tax case were abated upon discovery that Plaintiff had filed bankruptcy. Defendant did, however, notify Plaintiff by letter of the additions to tax for 1980 and 1983 on September 27, 1990. On May 3, 1991, Defendant notified Plaintiff again by letter regarding the deficiencies for taxable year ended December 31, 1983. The May 3, 1991 letter advised Plaintiff that with leave from the Bankruptcy Court, Plaintiff could contest the deficiency or waive the right to contest it.

On January 3, 1991, Defendant filed its Proof of Claim. There have been no objections filed in response to Defendant's Proof of Claim. On July 19, 1991, Plaintiff filed a Complaint to Determine Dischargeability of the tax liabilities claimed by Defendant. Defendant filed an Answer, Motion for Summary Judgment, Memorandum in Support and appurtenant exhibits. In response, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment with supporting exhibits. Defendant filed a Reply to Debtor's Opposition to Summary Judgment and supporting exhibits.

## LAW

11 U.S.C. § 507(a)(7)(A)(iii) reads as follows:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

11 U.S.C. § 502(a) reads as follows:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor

in a case under chapter 7 of this title, objects.

11 U.S.C. § 523(a)(1)(A) reads as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed:

## DISCUSSION

### I. CORE PROCEEDING

The sole issue before this Court is the dischargeability of Plaintiff's tax liability, interest and statutory additions for calendar years 1980 and 1983. Under 28 U.S.C. § 157(b)(2), that issue is a core proceeding. This Court will not determine the existence or validity of the debt, for such a determination is a related, non-core proceeding, requiring the consent of the parties prior to the issuance of a final order. *In re Edwards*, 100 B.R. 973 (Bankr. E.D.Tenn.1989).

### II. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056 provides that summary judgment will be granted when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must be able to demonstrate all elements of the cause of action in order to prevail. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256 (Bankr.N.D.Ohio 1987), (quoting *In re Sostarich*, 53 B.R. 27 (Bankr.W.D.Ky.1985)).

### III. DISCHARGEABILITY OF TAX LIABILITY, INTEREST AND STATUTORY ADDITIONS

The parties concur that the issue before this Court is whether the taxes for years 1980 and 1983, attendant interest and statutory additions, are nondischargeable. Defendant concedes that the secured and general unsecured claims for taxable years 1979, 1981, 1982 and 1984 are dischargeable under Section 507(a)(7) of the Bankruptcy Code. However, Defendant claims that its unsecured claims emanating from years 1980 and 1983 are priority claims, assessable after the Plaintiff filed bankruptcy. According to Defendant, allowed unsecured priority claims of governmental units are nondischargeable pursuant to the provisions of 11 U.S.C. § 507(a)(7)(A)(iii) and 11 U.S.C. § 523(a)(1)(A).

Plaintiff claims that he did not file an amended return for 1980 so he has insufficient knowledge regarding any adjustments or amendments made to his claim by Defendant. Plaintiff further argues that he is not liable for taxes, interest or statutory additions emanating from 1980 since Defendant failed to assess them in a timely manner. According to Plaintiff, his petition for bankruptcy was filed on September 9, 1990. The United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, issued a General Order Number 2 on January 15, 1982 which permits the assessment of taxes even though the bankruptcy petition has been filed. Pursuant to this General Order, Defendant had until February 27, 1991 to make its assessment. Plaintiff claims that Defendant did not make its assessment until May 3, 1991.

Prepetition income tax is entitled to priority under 11 U.S.C. § 507(a)(7) in three (3) instances. First, priority is afforded unsecured tax claims which are due for any taxable year ending on or before the date the petition is filed in bankruptcy, if the required return, including extensions, is due within three years prior to the date that the petition is filed. Second, priority is afforded for unsecured income taxes which are assessed within 240 days prior to the date that the petition is filed. An addi-

tional thirty (30) day period is tacked on and the 240 day time period is suspended if an offer to compromise is made during the 240 day period. Third, priority is granted for unsecured income taxes which were not assessed before the filing of the bankruptcy petition but were assessable after the filing of the bankruptcy petition under applicable law or by agreement.

Assessment is a basic bookkeeping technique used by the IRS to record tax liabilities. Assessment occurs when the IRS' designee signs a summary record sheet containing basic demographic information about the taxpayer; amount of the tax; type of tax; and tax period. 34 Am. Jur.2d, *Federal Taxation* § 9541 (1992). There is a general three (3) year limitations period within which any tax imposed must be assessed. The three (3) years generally commence after the date that the tax return was filed 34 Am.Jur.2d, *Federal Taxation* § 9561 (1992).

Under 11 U.S.C. § 505(c), the commencement of bankruptcy proceedings automatically stays the assessment of any tax. Accordingly, the stay also suspends the limitations periods for assessment and collection of the tax. I.R.C. § 6503(h). The limitations period for assessment and collection is suspended for the duration of the stay. 11 U.S.C. § 362(c)–(f). Pursuant to 11 U.S.C. § 507(a)(7)(A)(iii), any tax, other than a kind specified under sections 523(a)(1)(B) or 523(a)(1)(C), which has not been assessed before but assessable after the commencement of the case, has priority. Defendant's unsecured claims are allowed under § 502; have priority under § 507(a)(7)(A)(iii); and excepted from discharge under § 523(a)(1)(A).

Under 11 U.S.C. § 523, a discharge will not be available to an individual debtor for any tax entitled to priority under § 507(a)(2) or under § 507(a)(6), whether or not a claim for these taxes was filed or allowed in the bankruptcy proceeding. 2 William L. Norton, Jr., NORTON BANKRUPTCY LAW AND PRACTICE, § 400.12, 1992.

### A.  1983 TAX LIABILITY

On December 9, 1988, the TMP for K–Plus consented to the extension of the time for assessment to June 30, 1989. An FSAA was mailed to the TMP for K–Plus and Plaintiff on June 19, 1989 and July 3, 1989 respectively. The TMP had an exclusive ninety (90) day period, commencing on June 19, 1989, within which to contest the adjustment. Plaintiff had a sixty (60) day period commencing on September 17, 1989 within which to contest the adjustment. Neither the TMP for K–Plus nor Plaintiff contested the adjustment within the prescribed time. Consequently, the adjustment became final on November 16, 1989.

In accordance with the consent form executed by K–Plus' TMP on June 30, 1989, Defendant had one (1) year from November 16, 1989 to assess K–Plus' tax liability for the period ending December 31, 1983. Plaintiff filed his petition in bankruptcy on September 6, 1990. Upon filing the petition in bankruptcy, the limitation period for assessment was suspended and Defendant was precluded from assessing Plaintiff's tax obligation under 11 U.S.C. § 362(c). After the time that Plaintiff filed his petition in bankruptcy, his 1983 tax liability was clearly assessable but not assessed.

The parties concede that Defendant's claim is unsecured. By virtue of its assessability immediately after the time that Plaintiff filed bankruptcy, Defendant's claim has priority under 11 U.S.C. § 507(a)(7)(A)(iii). Since no objections were filed in response to Defendant's Proof of Claim, its claim is likewise deemed allowed. 11 U.S.C. § 502(a). Unsecured priority claims of governmental units which are assessable but not assessed at the time bankruptcy is filed, are exceptions to discharge under § 507(a)(7). Defendant's 1983 claim is allowed, unsecured, assessable and has priority; and consequently, it is nondischargeable.

### B.  1980 TAX LIABILITY

Plaintiff's 1980 liability is a deficiency attributable to the disallowance of the investment tax credit in 1983. Deficiency, as defined under I.R.C. § 6211(a), is the amount by which the taxpayer's correct tax

liability exceeds the excess of the tax shown on the return in addition to any amounts previously assessed as a deficiency over the amount of any rebate. The IRS cannot immediately assess a pre-petition tax deficiency of the debtor on the institution of the bankruptcy proceedings. I.R.C. § 6871(b).

Due to the symbiotic relationship between the 1983 tax liability and the 1980 deficiency, this Court is convinced that the 1980 assessment is subject to the same assessment limitations as those imposed for the 1983 assessment. Although Defendant was precluded from assessing the deficiency after September 6, 1990, there is evidence that the deficiency was assessable after the commencement of this case. On September 27, 1990, Defendant mailed notice to Plaintiff regarding the amount of deficiency. Upon discovery that Plaintiff had filed bankruptcy, the notice was abated. Defendant notified Plaintiff again on May 3, 1991 of the amount of deficiency and Plaintiff's right to contest the deficiency with leave of Court.

The deficiency is an unsecured claim which was assessable after the commencement of Plaintiff's case in bankruptcy. By virtue of its assessability, it is a priority claim under 11 U.S.C. § 507(a)(7)(A)(iii). Irrespective of whether it has been filed or allowed, under 11 U.S.C. § 523(a)(1)(A) a tax of the kind specified under § 507(a)(7) is not dischargeable. In the instant case, the deficiency emanating from Plaintiff's 1980 return is not dischargeable.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment be, and hereby is, **GRANTED.**

It is **FURTHER ORDERED** that Plaintiff's 1980 and 1983 tax liabilities, including attendant interest and statutory additions, are allowed unsecured priority claims under 11 U.S.C. § 507(a)(7)(A)(iii) and therefore **NONDISCHARGEABLE.**