**In re Joseph KHOE and Nena B. Khoe, Debtors/Appellants.**

**No. CV–F–98–5121 REC.**

United States District Court, E.D. California.

Aug. 17, 2000.

---

1. For instance, if the debtor had a recent prior Chapter 7 discharge or had been denied Chapter 7 relief pursuant to § 707(b).

Joseph Khoe, Ivanhoe, CA, pro se.

Nena B. Khoe, Ivanhoe, CA, pro se.

G. Patrick Jennings, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellee.

## OPINION

COYLE, District Judge.

On August 16, 1999, the court heard oral argument in connection with this appeal.

### A. *Supplementation of Record and Filing of Post–Hearing Briefs.*

Before discussing the merits of this appeal, the court addresses issues raised by the state of the record and the conduct of the appellants.

On August 16, 1999, just minutes before the commencement of oral argument, the Khoes filed several documents. These documents are as follows:

(1) "PLEASE FILE THE KHOES'/Plaintiffs' PERTINENT DOCUMENTS WITH RESPECT TO DEFENDANTS (Nos:: 1 & 2) IRS et al., the FTB et al. THE **VIOLATORS**, THE **ABUSERS** OF THE 'Judicial **Due Process, Process of Law**', THE PROFESSIONAL AND THE EXPERTIES [sic] '**LIED/LYING UNDER OATH**'; THIS IN SUPPORT OF THE Khoes'/Appellants' ORAL ARGUMENT ON APPEALS" (Doc. 80);

(2) "PLEASE FILE THE KHOES'/Plaintiffs' PERTINENT DOCUMENTS WITH RESPECT TO DEFENDANTS (Nos:: 1 & 2) IRS et al., the FTB et al. THE **VIOLATORS**, THE **ABUSERS** OF THE 'Judicial

Due Process, Process of Law', THE PROFESSIONAL AND THE EXPERTIES [sic] **'LIED/LYING UNDER OATH'**; THIS IN SUPPORT OF THE Khoes'/Appellants' ORAL ARGUMENT ON APPEALS" (Doc. 81);

(3) "PLEASE FILE THE KHOES'/Plaintiffs' PERTINENT DOCUMENTS WITH RESPECT TO DEFENDANTS (Nos:: 1 & 2) IRS et al., the FTB et al. THE **VIOLATORS, THE ABUSERS** OF THE **'Judicial Due Process, Process of Law'**, THE PROFESSIONAL AND THE EXPERTIES (sic) **'LIED/LYING UNDER OATH'**; THIS IN SUPPORT OF THE Khoes'/Appellants' ORAL ARGUMENT ON APPEALS" (Doc. 83);

(4) "MEMORANDUM OF MONIES OWED, OWING BY DEFENDANTS (Nos: 1 & 2) the IRS et al., and the FTB et al. *IN THE SUMS OF $34,558.48 PLUS 75%* THE SAME YOU CHARGED US; PLUS PUNITIVE DAMAGES; THE Defendants (No. 1) the iRS [sic] et al. INTENTIONALLY CONFISCATED THE Khoes'/Plaintiffs'/Appellants HARD–EARNED PAYROLL CHECKS" (Doc. 83).

At oral argument, the Khoes handed to the court a series of documents which are included in the file as document 85. On August 17, 1999, the Khoes filed the following document:

"THE ATTACHMENTS ARE THE Khoes'/Appellants' ORAL ARGUMENTS AND IT WERE FULLY PREPARED FOR THE AUGUST 16, 1999 IN ROOM 5000 AT 1:30 P.M. HEARING OF THE Khoes' ORAL ARGUMENT THE COURT ORDER CLEARLY STATED THE ABOVE DATE WAS FOR THE Khoes'/Appellants' ORAL BUT THE Khoes WEREN'T GIVEN THE CHANCE AND THIS WERE THE SECOND COURT'S ERRORS MADE ON/UPON AND AGAINST THE Khoes' HUMAN & CIVIL RIGHTS' VIOLATIONS,

WEBSTER *BIVENS VS U.S.A.*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Code 18 USC 241, 242; 42 USC Sec 1983; SINCE THE Khoes WEREN'T GIVEN TO ARGUE ORALLY, THEREFORE THE Khoes Appellants SUBMIT IN WRITING, IS APPLICABLE, ACCEPTABLE, JUSTIFIED, LAWFUL AND LEGAL PURSUANT TO CODE: SEE BELOW FOR ADDITIONAL INFORMATIONS/EXPLANATIONS REQUIRED BY LAW:" (Doc. 86).

On August 27, 1999, the Khoes filed the following documents:

(1) "PLEASE FILE THE Khoes' PERTINENT DOCUMENTS ADDENDUMS # s **SEE PAGE 2** IN SUPPORT OF THE Khoes' **HOSTILE WITNESSES,** NOT BY LIVE PEOPLE BUT BY DOCUMENTATIONS AGAINST THE IRS' & THE FTB's NOTICES, LEVIES, LIENS, PLEADINGS, DECLARATIONS OF 12/11/97, 12/22/97 & OTHERS TO PROVE THAT THE IRS et al., & THE FTB et al. HAD LIED/LYING UNDER OATH, WHAT A SHAM *Defendants' COMPUTERS having TOO MANY GLITCHES & WE THE Khoes ARE BEING DEFRAUDED BY THEM et al. Attached: ONE ORIGINAL & THREE COPIES:* " (Doc. 89);

(2) "PLEASE FILE THE Khoes' PERTINENT DOCUMENTS ADDENDUMS # s **SEE PAGE 2** IN SUPPORT OF THE Khoes' **HOSTILE WITNESSES,** NOT BY LIVE PEOPLE BUT BY DOCUMENTATIONS AGAINST THE IRS' & THE FTB's NOTICES, LEVIES, LIENS, PLEADINGS, DECLARATIONS OF 12/11/97, 12/22/97 & OTHERS TO PROVE THAT THE IRS et al., & THE FTB et al. HAD LIED/LYING UNDER OATH, WHAT A SHAM *Defendants' COMPUTERS having TOO MANY GLITCHES & WE THE Khoes ARE BEING DEFRAUDED BY THEM et*

*al. Attached: ONE ORIGINAL & THREE COPIES:*" (Doc. 90);

(3) "PLEASE FILE THE Khoes' PERTINENT DOCUMENTS ADDENDUMS # s **SEE PAGE 2** IN SUPPORT OF THE Khoes' **HOSTILE WITNESSES,** NOT BY LIVE PEOPLE BUT BY DOCUMENTATIONS AGAINST THE IRS' & THE FTB's NOTICES, LEVIES, LIENS, PLEADINGS, DECLARATIONS OF 12/11/97, 12/22/97 & OTHERS TO PROVE THAT THE IRS et al., & THE FTB et al. HAD LIED/LYING UNDER OATH, WHAT A SHAM *Defendants' COMPUTERS having TOO MANY GLITCHES & WE THE Khoes **ARE BEING DEFRAUDED** BY THEM et al. Attached: ONE ORIGINAL & THREE COPIES:*" (Doc. 91);

(4) "PLEASE FILE THE Khoes' PERTINENT DOCUMENTS ADDENDUMS # s **SEE PAGE 2** IN SUPPORT OF THE Khoes' HOSTILE WITNESSES, NOT BY LIVE PEOPLE BUT BY DOCUMENTATIONS AGAINST THE IRS' & THE FTB's NOTICES, LEVIES, LIENS, PLEADINGS, DECLARATIONS OF 12/11/97, 12/22/97 & OTHERS TO PROVE THAT THE IRS et al., & THE FTB et al. HAD LIED/LYING UNDER OATH, WHAT A SHAM *Defendants' COMPUTERS having TOO MANY GLITCHES & WE THE Khoes **ARE BEING DEFRAUDED** BY THEM et al. Attached: ONE ORIGINAL & THREE COPIES:*" (Doc. 92).

On August 30, 1999, the Khoes filed the following document:

"SUPPLEMENTAL ORAL ARGUMENT OF THE Khoes' APPELLANTS' and THE VICTIMS OF THE ABUSERS, THE VIOLATORS OF JUDICIAL DUE PROCESS, DUE OF LAW, AND LIED/LYING UNDER OATH AND HEREINAFTER THE IRS, 'MEESTER, COLLINS, STIFFLER, FIELDS, JENNINGS, et al., and THE FTB et al.; THIS IN SUP-

PORT OF THE Khoes' OBJECTIONS TO DEFENDANTS' et al. UNDATED SUP. BRIEF OF APP. **FILLED UP WITH FULL OF FRAUDS etc. etc.:**" (Doc. 98)

On September 10, 1999, the Khoes filed the following document:

"SUPPLEMENTAL ORALARGUMENT [sic] IN A WRITTEN FORM OF THE Khoes' APPELLANTS' and THE VICTIMS OF THE ABUSERS, THE VIOLATORS OF JUDICIAL-DUEPROCESS [sic], DUE PROCESSOFLAW [sic], ANDLIED/LYINGUNDEROATH & HEREINAFTER [sic] THE IRS, MEESTER, COLLINGS, STIFFLER, FIELDS, JENNINGS et al., and THE FTB et al.; THIS IS IN SUPPORTOFTHE [sic] Khoes' OBJECTIONS TO DEFENDANTS' et al., UNDATED SUPPLEMENTARY BRIEF OF APPELLEES FILLED UP WITH FULL OF FRAUDS etc. & .[sic] 'INCOHERENT' (Doc. 100).

On October 5, 1999, the Khoes filed the following document:

"THE ATTACHMENT SUBJECT Ch. 7 DISCHARGED IS IN SUPPORT OF THE Khoes' OBJECTIONS AGAINST THE IRS's, FTB's FRIVOLOUS PENALTY OF $500.00; TAX LIENS; ASSESSMENTS AGAINST THE Khoes' FOR THE CALENDAR YEARS OF '1988, 1989, 1990 1993, 1994, 1995, 1996, 1997 AND 1998's' AND FINALLY DEFENDANTS IRS & FTB ADMITTED THAT THE Khoes' CHAPTER 7 WAS FULLY DISCHARGED THE ONLY ISSUE THAT IS STILL PENDING, IS THE Khoes' '01/01/93 to 12/31/93' 'ASSESSMENT DATE AND THE DOLLAR MOUNT [sic]' PURSUANT TO 28 USC § 157(a)(E) MUST TURN OVER THIS $46,00.00 [sic] TO THE KHOES, 26 USC IRC § 7701(a)(6) THE U.S. DISTRICT. COURT HAS ITS JURISDICTIONS & THE FIDUCIARY RESPONSIBILITY IN THE ISSUING OF SUCH AN ORDER TO VOID, AVOID CANCEL, RELEASE

THOSE IRS's & FTB's LIENS FROM THE COURTS' FILES ON THE Khoes' AND THE TULARE COUNTY RECORDER's OFFICE ON THE Khoes' REAL PROPERTY; THE BURDEN OF PROOFS PLACES ON THE IRS & FTB et al., 26 U.S. IRC 6703; Revenue & Taxation Code (R & TC) 19180:

PURSUANT TO THE U.S. SUPREME COURTS' RULINGS, OPINIONS & ITS DEFINITIONS OF INCOME, THE Khoes HAD NO 'INCOME', AND NO 'INCOME TAX LIABILI-TY(TIES); TO SUPPORT THIS SEE THE ATTACHMENTS" (Doc. 104).

■ Supplementation of a record on appeal is governed by Rule 10(e)(2), Federal Rules of Appellate Procedure, which provides in pertinent part:

If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forwarded.

The Ninth Circuit construes this provision narrowly, holding that normally the reviewing court will not supplement the record on appeal with material not considered by the lower court. *See Daly–Murphy v. Winston,* 837 F.2d 348, 351 (9th Cir.1987).

■ At oral argument, appellants admitted that the documents handed to the court at that hearing and filed as Document 85 were just obtained by appellants prior to oral argument. Neither the Bankruptcy Court, appellee or this court had any opportunity to review these documents. Therefore, the court will not consider them in resolving this appeal.

In addition, the various documents and/or pleadings filed since oral argument were filed by appellants without prior re-quest for leave to do so. The filing of briefs on appeal is governed by Rules 8009 and 8010, Bankruptcy Rules. There is no provision therein for the filing of briefs in addition to the briefs described and there certainly is no provision of which the court is aware that allows the filing of briefs and/or documents after the briefing is closed in the absence of a request for leave of court to do so. Here, appellants have flooded the court with pleadings filed after the briefing required by Rule 8009 was completed resulting in confusion, delay and prejudice to appellees and the court.

■ As noted, two of the pleadings described above purport to present in written form appellants' oral argument. Appellants' justification for filing these pleadings is the assertion that the court did not allow appellants to present oral argument on August 16, 1999. This assertion is not accurate. The court did allow appellants to present oral argument. However, at oral argument, appellants presented to the court a number of documents that had not previously been presented to the Bankruptcy Court or this court and attempted to argue from them. The court is aware of no authority that limits the court's discretion in curtailing oral argument on appeal.[1] As noted above, appellants did not have the right to present documents or evidence not previously presented to the Bankruptcy Court to this court in connection with this appeal. Consequently, appellants did not have any right to present oral argument in connection with this newly presented evidence. Furthermore, as a general rule, an appellate court will not consider arguments that are raised for the first time on appeal. *See Self Directed Placement Corp. v. Control Data Corp.,* 908 F.2d 462, 466 (9th Cir.1990). A court may review an issue raised for the first time on appeal only to prevent a miscarriage of justice or when a change in the law raises a new issue while

---

1. The court notes that the denial of oral argument does not violate due process rights. *See*

*Toquero v. I.N.S.,* 956 F.2d 193, 196 n. 4 (9th Cir.1992).

an appeal is pending, or when the issue is purely one of law. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996). The decision to consider an issue not raised below is discretionary, and such an issue should not be decided if it would prejudice the other party. *Id.* Here, the court concludes that it will not address issues raised for the first time on appeal.

### B. *OPINION.*

On April 26, 1996, the Khoes filed a voluntary petition for Chapter 7 bankruptcy. On November 13, 1996, the Bankruptcy Court filed a Discharge of Debtors, wherein the Bankruptcy Court discharged the Khoes from all dischargeable debts pursuant to 11 U.S.C. § 727. On March 3, 1997, the IRS assessed against the Khoes $170,527.00 in individual income tax and $46,382.38 in interest on the additional income tax for the taxable year 1993. A Notice of Levy on Wages, Salary, Etc. was issued by the IRS to the Social Security Administration in Richmond, California with respect to this assessment on October 9, 1997. Other notices of levy with respect to the 1993 income tax liability also were issued and notices of federal tax lien also were issued.

In December, 1997, the Khoes filed a "Motion to Avoid IRS's Lien(s)" 11 U.S.C. 522(f)(1) as well as a motion for sanctions and a motion to find the IRS in contempt for violation of the statutory discharge injunction. The Bankruptcy Court Order at issue states in pertinent part:

> On January 5, 1998 . . ., the Court heard the following motions:
>
> 1. Order to Show Cause re Contempt for Violation of Discharge Injunction Combined with Notice Thereof;
>
> 2. Debtors' Motion to Avoid IRS's Liens, and
>
> 3. Debtors' Motion for Sanctions.
>
> Joseph Khoe appeared representing himself. Debtor Nena B. Khoe did not appear. Patrick Jennings appeared representing the United States and Revenue Officer Dennis Collins. After hearing argument, reviewing the file, and upon good cause shown, and for the reasons stated in Court,
>
> IT IS ORDERED THAT Revenue Officer Collins and the United States have shown good cause that post-discharge collection actions to collect priority taxes were not in contempt of Court and said actions were not in violation of the discharge injunction;
>
> IT IS FURTHER ORDERED THAT the Debtors' Motion to Avoid IRS's Liens is denied.
>
> IT IS FURTHER ORDERED THAT the Debtors' Motion for Sanctions is denied.

On January 28, 1998, Joseph Khoe and Nena B. Khoe filed a "Notice of Appeal (IRS–Collins)", wherein the Khoes appeal from "the ORDER dated January 9, 1998 and/or January 12, 1998. (See Exhibit A) in favor of the Internal Revenue Service, (hereinafter the 'IRS', by and through DENNIS COLLINS)."

The Statement of Issues on Appeal, the Khoes' opening and reply briefs and various other documents filed by the Khoes in connection with the resolution of this appeal are comprised of hundreds of pages of hysterical, prolix, irrelevant and frequently incomprehensible rantings against the IRS and the Bankruptcy Court. It is impossible for the court to separate any wheat from this morass of chaff and to determine which documents are legitimately before the court in connection with this appeal.

Therefore, the court resolves this appeal by addressing the issues as framed by the United States. These issues are as follows:

1. Whether IRS efforts to collect a priority tax liability assessed after the bankruptcy violated the discharge injunction.

2. Whether the Debtors may avoid statutory tax liens under Section 522(f) despite 522(c) which preserves the at-

tachment of tax liens to exempt property.

### 1. *Standard of Review.*

■■■■ The Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard. Conclusions of law are reviewed de novo. *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1377 (9th Cir.1985). The denial of a contempt order is reviewed for abuse of discretion. *See Independent Fed. of Flight Attendants v. Cooper,* 134 F.3d 917, 920 (8th Cir.1998).

### 2. *Merits of Appeal.*

■■■ 11 U.S.C. § 522(a)(2) provides that a discharge in bankruptcy "operates a an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived...." However, Section 523(a)(1) provides that a discharge under Section 727 does not discharge an individual debtor from any debt:

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section ... 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed....

Section 507(a)(8) provides in pertinent part:

(a) The following expenses and claims have priority in the following order:

...

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of a petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

...

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case....

The Bankruptcy Court did not err in denying the Khoes' motion to avoid IRS liens because the 1993 tax liability at issue was not dischargeable pursuant to the statutory provisions quoted above. Thus, the tax liability for 1993 was due on April 15, 1994, a date less than three years before the April 26, 1996 filing of the Khoes' Chapter 7 petition. In addition, the bankruptcy court did not err because the 1993 income tax liability assessed was assessable after the filing of the bankruptcy petition. As explained in *In re Anderson,* 157 B.R. 104, 108 (Bkrtcy. N.D.Ohio 1993):

Assessment is a basic bookkeeping technique used by the IRS to record tax liabilities. Assessment occurs when the IRS' designee signs a summary record sheet containing basic demographic information about the taxpayer; amount of the tax; type of tax; and tax period. 34 Am.Jur.2d, *Federal Taxation* § 9541 (1992). There is a general three (3) year limitations period within which any tax imposed must be assessed. The three (3) years generally commence after the date that the tax return was filed[.] 34 Am.Jur.2d, *Federal Taxation* § 9561 (1992).

Under 11 U.S.C. § 505(c), the commencement of bankruptcy proceedings automatically stays the assessment of any tax. Accordingly, the stay also suspends the limitations periods for assessment and collection of the tax. I.R.C. § 6503(h). The limitations period for assessment and collection is suspended for the duration of the stay. 11 U.S.C. § 362(c)–(f).

Here, the 1993 income tax liability was assessable after the filing of the bankruptcy petition because the three year limitations period, which did not commence until

April 15, 1994, had not expired at the time the bankruptcy petition was filed on April 26, 1996. Therefore, the discharge injunction was not violated. Consequently, the Bankruptcy Court did not err in denying the Khoes' motions on the merits.

■ The Bankruptcy Court did not err in denying the Khoes' motions to the extent that the Khoes argued that IRS liens which have attached to their homestead, claimed by the Khoes to be exempt pursuant to California Code of Civil Procedure § 704.710 and that the IRS liens should be avoided pursuant to 11 U.S.C. § 522(f).

Section 522(f) provides in pertinent part that a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under Section 522(b) *if* the lien is either a judicial lien or a non-possessory, nonpurchase money security interest in any property listed in Section 522(f)(1)(B). A federal tax lien is neither a judicial lien nor a non-possessory, nonpurchase money security interest.[2]

Therefore, the Bankruptcy Court did not err in denying the Khoes' motions.

The Khoes make a number of arguments and/or issues relative to their position that they do not owe any taxes for the year 1993. The court concludes that it is not necessary or appropriate to resolve these arguments and/or issues in disposing of this appeal. The only issues legitimately before the court involve whether or not the IRS could proceed against the Khoes following the discharge in bankruptcy. Any issues pertaining to the Khoes' liability for the 1993 income taxes are not cognizable by the Bankruptcy Court or in this appeal. The Khoes must pursue other avenues for relief, assuming, of course, that those other avenues remain available.[3]

ACCORDINGLY, the order of the Bankruptcy Court is affirmed.

---

2. Furthermore, Section 522(c) provides in pertinent part:

(c) ... property exempted under this section is not liable ... after the case for any debt of the debtor that arose ... before the commencement of the case, except—
...
(2) a debt secured by a lien that is—
...
(B) a tax lien, notice of which is properly filed....

The court does not address whether or not that notice of the tax lien was properly filed within the meaning of Section 522(c) because of the provisions of Section 522(f) discussed above. *In re Rench*, 129 B.R. 649, 651 (Bkrtcy.D.Kan.1991).

3. The Khoes complain that both the Bankruptcy Court and this court limited their oral argument. However, limitation of oral argument is not an abuse of discretion.