**In re William David MILLSAPS, Debtor.**

**No. 6:06–bk–03372–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

June 14, 2007.

William David Millsaps, pro se.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the following pleadings filed by William David Millsaps, the *pro se* Debtor herein (the "Debtor"): (i) Motion to Avoid Lien of Marija Arnjas (Doc. No. 82); (ii) Motion Objecting to Objection to Motion to Avoid Lien of Marija Arnjas (Doc. No. 90); and the (iii) Motion to Avoid Lien of Creditor Marija Arnjas (Doc. No. 91). Marija Arnjas ("Arnjas") filed an Objection to the Debtor's lien avoidance motion (Doc. No. 85). An evidentiary hearing was held on June 11, 2007 at which the Debtor and counsel for Arnjas appeared. The Court makes the following findings and conclusions after reviewing the pleadings, evidence, hearing argument, and being otherwise fully advised in the premises.

Marija Arnjas ("Arnjas") purchased the Debtor's real property located at 528 Morocco Avenue, Orlando, Florida 32807 ("Property") through an IRS tax sale in

January 1987. The Debtor contested the sale and Arnjas' ownership of the Property in the Florida state courts and in an adversary proceeding in his previous bankruptcy case.[1] The Florida state courts (collectively, the "State Court") adjudicated Arnjas as the owner of the Property. A Final Summary Judgment was entered on November 23, 2005 by the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida ("Judgment"), quieting title to the Property and finding Arnjas the owner of the Property. Arnjas recorded the Judgment in the Official Records Book for Orange County, Florida (at Book 08352, Page 1,860).

Arnjas' motion for a writ of possession was granted on December 5, 2006 by the State Court and she initiated eviction proceedings against the Debtor. The Debtor filed the above-captioned Chapter 7 bankruptcy case on December 12, 2006 ("Petition Date") and Arnjas was granted relief from the automatic stay of 11 U.S.C. Section 362(a)(1) to continue State Court eviction proceedings. The Debtor has been evicted.

The Debtor claimed the Property as exempt homestead property in his Schedule C citing the Florida Constitution. He seeks to avoid Arnjas' Judgment lien pursuant to 11 U.S.C. Section 522(f)(1) contending the Judgment lien impairs his homestead exemption. Article X, section 4 of the Florida Constitution provides for the exemption of homestead property: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, *except for the payment of taxes and assessments thereon* ... a homestead...." Art. X, § 4, Fla. Const. (*emphasis added*).

A homestead property is not protected from a forced sale or a judgment lien arising from the nonpayment of taxes pursuant to the clear and unambiguous language of Article X, section 4 of the Florida Constitution. The forced sale of the Property and Arnjas' Judgment lien arise from the Debtor's nonpayment of federal taxes. The Property was not exempt from the tax sale or the Judgment lien pursuant to Article 10, section 4.

The Debtor contends he may avoid the Judgment lien pursuant to Section 522(f)(1)(A) of the Bankruptcy Code. Section 522(f)(1) provides:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien ... or a nonpossessory, nonpurchase-money security interest....

11 U.S.C. § 522(f)(1) (2006). The Property was not protected from a forced tax sale or judgment liens arising from the nonpayment of taxes pursuant to Article X, section 4 of the Florida Constitution. Section 522(f)(1) is inapplicable since the Judgment lien does not impair an exemption to which the Debtor would have been entitled.[2]

---

1. The Debtor and his wife Anna Jean Millsaps filed a joint Chapter 7 case in this Court on March 12, 1986 captioned *In re William David Millsaps and Anna Jean Millsaps*, Case No. 86–00487–BKC–6C7. They received a discharge on September 14, 1986 and the case was closed on September 22, 1994.

2. Furthermore, to the extent the Debtor challenges the underlying federal tax lien that resulted in the sale to Arnjas, a federal tax lien does not constitute a judicial lien and, therefore, is not avoidable pursuant to 11 U.S.C. Section 522(f)(1)(A). *Weed v. Washington (In re Washington)*, 242 F.3d 1320, 1324 (11th Cir.2001). The courts have widely held a federal tax lien is neither a judicial lien nor a non-possessory, nonpurchase money security interest. *See, e.g., In re Khoe*, 255 B.R. 581,

The Debtor further contends in his Motions his possession of a federal land patent trumps Arnjas' claim to the Property. Each issue raised by the Debtor in his Motions, including the homestead exemption and ownership issues, was fully litigated and determined on the merits by the State Court. The State Court decisions are entitled to preclusive effect pursuant to the doctrines of collateral estoppel and res judicata and are binding in this proceeding. "A final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding. *Pleming v. Universal–Rundle Corp.,* 142 F.3d 1354, 1359 (11th Cir.1998).

The parties had a reasonable opportunity to litigate in the State Court proceedings all of the issues raised in the Debtor's Motions. The *Rooker–Feldman* doctrine, as articulated by the Eleventh Circuit Court of Appeals in *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir.1983), prevents this Court from acting in an appellate manner with regards to the State Court decisions. The only issue this Court may address is avoidance of the Judgment lien pursuant to Section 522(f)(1) of the Bankruptcy Code. The Debtor is not entitled to invoke the provisions of Section 522(f)(1). The Debtor's Motions are due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the following Motions filed by the Debtor are hereby **DENIED:** (i) Motion to Avoid Lien of Marija Arnjas

(Doc. No. 82); (ii) Motion Objecting to Objection to Motion to Avoid Lien of Marija Arnjas (Doc. No. 90); and the (iii) Motion to Avoid Lien of Creditor Marija Arnjas (Doc. No. 91).

588 (E.D.Cal.2000); *In re Mills,* 37 B.R. 832, 834–35 (Bankr.Tenn.1984); *In re Zerger,* 35 B.R. 42, 44 (Bankr.Or.1983).